# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROSIE GOINES,

    Plaintiff,

v.                                                              CASE NO.  8:18-cv-2545-T-02AEP

BPL PLASMA, INC.,

    Defendant.
_____/

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 13) and Plaintiff's Response in Opposition (Dkt. 20). After careful consideration of the allegations of the Complaint (Dkt. 1) and the applicable law, the Court dismisses the complaint without prejudice.

## **PERTINENT ALLEGATIONS**

In this employment discrimination case, Plaintiff worked full time for Defendant as a Medical Reception Technician.  Dkt. 1 ¶¶ 15, 17.  Eight months into her job, a customer of Defendant's exposed himself and masturbated in Plaintiff's

presence.[1]  Dkt. 1 ¶¶ 15, 23.  Plaintiff reported the incident to her supervisor and gave a statement to a law enforcement officer.  Dkt. 1 ¶¶ 24, 25. The State filed criminal charges against the customer for exposure of a sexual organ.  Dkt. 1 ¶¶ 28.

The incident occurred on May 2, 2017.  Dkt. 1 ¶ 23.  That day, Defendant told Plaintiff to go home for her safety and fear of reprisal by the customer, and not to return until contacted.  Dkt. 1 ¶ 26.  Plaintiff was terminated on May 8, 2017.  Dkt. 1 ¶ 27.

Plaintiff seeks damages in three counts: Title VII sex discrimination based on hostile work environment (Count I); retaliation (Count II), and religious discrimination (Count III).  Dkt. 1.  She alleges in Count I that Defendant failed to take remedial action to cure the sexual harassment, particularly after other employees complained about similar harassing behavior by the same customer.  Dkt. 1 ¶¶ 31, 32, 33.  She alleges in Count II that she was retaliated against "for engaging in protected activity," which action resulted in her termination.  Dkt. 1 ¶34.  She claims in Count III that as a Christian she was wrongfully required to work on Sundays.  She had requested not be scheduled on Sundays and was later told by the human resources department that she would not be scheduled for

---

[1] This particular customer had previously come to the facility and asked Plaintiff out on dates.  Dkt. 1 ¶ 23.

Sundays. Dkt. 1 ¶¶ 20, 22. In this regard she alleges she "was discharged for failing to comply with the conflicting employment requirement." Dkt. 1 ¶ 55.

## DISCUSSION

### *Standard*

Defendant seeks to dismiss this action with prejudice under the *Twombly-Iqbal* standard.[2] In examining whether the allegations of the complaint state a claim for relief, the Court must accept them "as true and constru[e] them in the light most favorable to the plaintiff." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Defendant sets out in detail the deficiencies of the complaint, which are well-taken.

### *Count I – Sex Discrimination under Title VII*

An "employer may be found liable for the harassing conduct of its customers if the employer fails to take immediate and appropriate corrective action in response to a hostile work environment of which the employer knew or reasonably should have known." *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957-58 (11th Cir. 2010) (citation omitted). Plaintiff fails to allege all five elements of a claim for sexual harassment based on a hostile work environment. *Wilcox v. Corr. Corp. of Am.*,

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

892 F.3d 1283, 1286-87 (11th Cir. 2018) (holding that plaintiff must belong to a protected group and have been subjected to unwelcome sexual harassment, the harassment must have been based on her sex and was sufficiently severe or pervasive, and a basis must exist to hold the employer liable).

Defendant rightly takes issue with the absence of factual allegations of severity and pervasiveness. Any incidents involving the customer that occurred prior to May 2nd are not supported by any facts, save the one factual allegation that the customer had visited the facility before and asked Plaintiff out. A customer asking a medical reception technician out for a date is not severe or pervasive. *Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000); *Howard v. Sunniland Corp.*, No. 2:16-cv-321-FtM-99MRM, 2016 WL 6524394, at *3 (M.D. Fla. Nov. 3, 2016) (noting Eleventh Circuit's teachings that "a pattern of rude and insensitive remarks, and/or isolated instances of a more severe nature, are insufficient to establish a hostile work environment"). Plaintiff will be permitted another opportunity to supply the underpinning facts of any prior incidents that would rise to the level of severe and pervasive under Title VII law.

Plaintiff's conclusory allegation that Defendant took no remedial action does not meet the *Twombly-Iqbal* standard. The facts alleged, to the contrary, show that

Defendant did take remedial action. Management immediately sent Plaintiff home after the incident for her safety. The incident resulted in criminal charges being filed against the customer. Apparently management was involved in this process. *See Stancombe v. New Process Steel LP*, 652 F. App'x 729, 736 (11th Cir. 2016) (noting that employer took corrective action by investigating complaint and separating the perpetrator and the victim). Plaintiff must supply additional facts that show Defendant failed to take remedial action.

### *Count II – Retaliation*

A *prima facie* case of retaliation under Title VII requires a showing that 1) the plaintiff "engaged in statutorily protected expression;" 2) that she "suffered an adverse employment action;" and 3) that "there was some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (quotation omitted). Plaintiff argues that she engaged in protected activity when she reported to her supervisor what the customer did in front of her on May 2nd. Dkt. 1 ¶¶ 23-24. The adverse employment action, she contends, was being sent home the day of the incident followed by her termination the following week. Dkt. 1 ¶¶ 24-27. The causal connection is allegedly established by the temporal proximity of the reporting and the termination. Dkt. 1 ¶¶ 23, 37.

As discussed above, the customer's overtures before the incident of May 2nd are not alleged sufficiently as severe and pervasive. Without more, Plaintiff fails to allege a factual groundwork to establish liability on the part of Defendant for the customer's conduct. Per the allegations of the complaint, Defendant took immediate corrective action on the day of the incident. Having done so, Defendant did not ratify or acquiesce in the customer's actions. *See Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 756 (9th Cir. 1997) (holding that casino employee who was fired after rejecting patron's sexual advances failed to show any facts indicating ratification or acquiesce by Defendant and therefore could not impute patron's actions to casino). Based on facts presently supplied, Plaintiff could not have had an objectively reasonable belief that she opposed an unlawful employment practice of Defendant.

## *Count III – Religious Discrimination*

To show discrimination based on religion, Plaintiff must show 1) she had a *bona fide* religious belief that conflicted with an employment requirement, 2) she informed her employer of her belief, and 3) she was discharged for failing to comply with the conflicting employment requirement. *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1321 (11th Cir. 2007). The complaint contains no allegations that she was terminated based on her desire to not work on Sundays.

There are no allegations that she ever refused to work on Sundays. Absent any facts surrounding an actual conflict between her religious beliefs and her employment requirements, there is no reasonable and actionable inference that Defendant discharged Plaintiff because of her religious practice. *See Marshall v. Aryan Unlimited Staffing Solution*, No. 12-81404, 2013 WL 836990, at *4 (S.D. Fla. Mar. 6, 2013) (dismissing complaint without prejudice on failure to accommodate claim where complaint lacked allegation that plaintiff was disciplined because of conflict between religious beliefs and employment requirements).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 13) is granted without prejudice. Plaintiff shall file an amended complaint within thirty (30) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on December 14, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record